United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30494
Summary Calendar
_____

GARY LEE,

                              Plaintiff-Appellant-Cross Appellee,

versus

CITY OF NEW ORLEANS,

                              Defendant-Appellee-Cross-Appellant,
--------------------------------------------------------------
KEITH DEBARBARIS; ET AL.,

                              Plaintiffs,

CLARENCE WETHERN; ANTHONY LANASA,

                                   Plaintiffs-Appellants-Cross
                                                    Appellees,

v.

CITY OF NEW ORLEANS,

                              Defendant-Appellee-Cross Appellant,

                         --------------------
                Appeal from the United States District Court
                   for the Eastern District of Louisiana
                          USDC No. 2:01-CV-1211-M
                          USDC No. 2:01-CV-2628-M
                         --------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Plaintiffs, Police Officers Gary Lee, Clarence Wethern, and

Anthony LaNasa, and Defendant, the City of New Orleans ("the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

City"), appeal from the district court's judgment awarding the officers back pay on their Fair Labor Standards Act claim and rejecting Lee's retaliation claim. We affirm all rulings of the district court.

The City contests the district court's finding that the officers were entitled to back pay, insisting that such finding was not supported by the record. That finding, however, was supported by the officers' trial testimony. Given the deference we afford the district court's credibility determinations and the fact that the testimony supports the ruling, the district court's finding on the matter is plausible and not clearly erroneous. See Barfield v. Madison County, Mississippi, 212 F.3d 269, 271 (5th Cir. 2000); Mireles v. Frio Foods, Inc., 899 F.2d 1407, 1413 (5th Cir. 1990).

The officers assert that the district court erroneously admitted the hearsay testimony of Sgt. Mark Mulla. The officers argue that they were prejudiced by this evidentiary ruling, because the court relied heavily on Mulla's testimony in reducing by one-half their compensable time. The district court, however, based the amount of compensation it awarded the officers on the December 2000 settlement reached between the New Orleans Police Department and the City's Civil Service Commission, which authorized one-half hour per work day of compensable time for canine officers. Consequently, even if we assume without granting that the district court erroneously admitted Mulla's testimony, that error was harmless. See FED. R. CIV. P. 61; Cozzo v. Tangipahoa Parish

Council--President Gov't, 279 F.3d 273, 292 (5th Cir. 2002).

Finally, Lee argues that the district court erred in rejecting his retaliation claim on the basis that he did not suffer an adverse employment action.  Lee did not establish, however, that his transfer to the Tactical Unit resulted in the loss of compensation, duties, or benefits.  Standing alone, his subjective belief that he was transferred to a less prestigious position is insufficient to prove an adverse employment action.  See Pegram v. Honeywell, Inc., 361 F.3d 272, 283 (5th Cir. 2004).

AFFIRMED.